UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PEGGY SMITH,

        Plaintiff,

vs.                              Case No.  6:14-cv-2117-ORL-40-TBS

ARS NATIONAL SERVICES INC.,

        Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

Defendant, ARS National Services Inc. ("Defendant" or "ARS"), through its counsel and pursuant to Rule 12(b)(1) & (6), *Fed.R.Civ.P.*, files this its Motion to Dismiss Plaintiff, Peggy Smith's ("Plaintiff" or "Smith"), Complaint and states:

### I.    STANDARD OF LAW

Pursuant to Rule 12(b)(6), *Fed.R.Civ.P.*, a party may move to dismiss an action for failure to state a claim. When considering a Rule 12(b)(6) motion, the Court must accept as true all facts set forth in plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Likewise, under *Iqbal* and *Twombly*, legal conclusions are not simply

36454096_1

presumed true. In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F. 3d 1183 (11th Cir. 2003). Finally, if exhibits attached to a complaint contradict the general and conclusory allegations of the pleading, the exhibits govern. *Fed. Trade Commission v. Abbvie Products, LLC*, 713 F.3d 54, 63 (11th Cir. 2013); *see* Rule 10(c), *Fed.R.Civ.P.*

## II.   FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff states that her Complaint is being brought for alleged violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et. seq.* ("FDCPA"). Complaint, ¶1. In particular, Plaintiff's Complaint contains one count alleging a violation of 15 U.S.C. §1692c(c) of the FDCPA which allegedly "requires Defendant to cease communications with the Plaintiff upon receipt of written notification that Plaintiff refuses to pay the alleged debt." Complaint, ¶23 & 25. Plaintiff does not allege any other violations of the FDCPA.

In particular, Plaintiff alleges that on September 8, 2014 Defendant sent Plaintiff a letter concerning a debt placed with Defendant for collection. Complaint, ¶17. Plaintiff attached as Exhibit "A" to the Complaint the actual September 8, 2014 letter from Defendant. Complaint, ¶18, Exh. A. Thereafter, Plaintiff alleges that on September 12, 2014 Plaintiff notified Defendant that Plaintiff "disputed the alleged debt and refused to make payment on the same." Complaint, ¶19. This notification was a handwritten note by Plaintiff on Defendant's September 8, 2014 letter that was dated September 12, 2014 by Plaintiff wherein Plaintiff asserted that the amount Defendant was claiming was due did not appear correct and, therefore, Plaintiff refused to pay the same. The actual handwritten note was part of Exhibit "A" attached to the Complaint. Complaint, ¶20, Exh. A. Plaintiff then alleges that on October 22, 2014 Defendant sent a letter to

Plaintiff concerning the debt and attaches the actual October 22, 2014 letter as Exhibit "B" to the Complaint. Complaint, ¶21-22, Exh. B. As a result of the October 22, 2014 letter, Plaintiff alleges a violation of 15 U.S.C. §1692c(c) asserting that the September 12, 2014 handwritten note was proper notification to cease all communications with Plaintiff and that the letter of October 22, 2014 was a violation of such cease and desist request. Complaint, ¶23 & 25.

### III.     ARGUMENT AND MEMORANDUM OF LAW

Plaintiff fails to state a cause of action for two reasons. First, Plaintiff's handwritten note dated September 12, 2014 does not constitute effective notification pursuant to 15 U.S.C. §1692c(c) that Defendant must cease further communication with Plaintiff. Further, even if Plaintiff's handwritten note does constitute effective notification, Defendant's letter of October 22, 2014 falls under the exceptions promulgated in 15 U.S.C. §1692c(c) to such cessation of communication and constitutes permitted communication.

### A.     Plaintiff Fails to Allege Valid Notification Pursuant to 15 U.S.C. §1692c(c)

Plaintiff's handwritten note dated September 12, 2014 did not constitute effective notification pursuant to 15 U.S.C. §1692c(c) that Defendant must cease further communications, but rather was merely requesting verification of the debt pursuant to 15 U.S.C. §1692g(b). Therefore, Defendant did not violate 15 U.S.C. §1692c(c) and was free to communicate with Plaintiff after verification of the debt. Defendant's initial communication with Defendant dated September 8, 2014 ("Initial Communication") was in compliance with 15 U.S.C. §1692g(a) which provides various disclosures and notices that are required of a debt collector, including, but not limited to, the following:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing - …

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and …

Meanwhile, 15 U.S.C. §1692g(b) on disputed debts provides that a consumer can dispute a debt and can request verification of the same and reads in pertinent part as follows:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector …

Finally, 15 U.S.C. §1692c(c), upon which Plaintiff bases her sole count against Defendant, is a totally separate and distinct section of the FDCPA and reads in pertinent part as follows:

(c) Ceasing communication
If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except –

(1) to advise the consumer that the debt collector's further efforts are being terminated;
(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

To invoke the cessation of communication provision in 15 U.S.C. §1692c(c), a consumer must notify a debt collector in writing that the consumer "refuses to pay a debt" or "that the consumer wishes the debt collector to cease further communication."

36454096_1

4

In response to Defendant's Initial Communication, Plaintiff allegedly sent her September 12, 2014 handwritten notation on the Initial Communication that reads as follows:

> Dear Sir or Madam
> The amount your claiming that I owe does not appear to be correct therefore I refuse to pay same. Thank you
> Peggy  Smith 8/12/14

Complaint, ¶19-20, Exh. A. Hereinafter referred to as "Plaintiff's Dispute Letter." Plaintiff's Dispute Letter is devoid of any request that Defendant cease further communication with Plaintiff. Further, while Plaintiff's Dispute Letter does state the Plaintiff refuses to pay, Plaintiff specifically states that the reason for the refusal is that Plaintiff disputes a portion of the debt. Therefore, Plaintiff is not outright refusing to pay in accordance with 15 U.S.C. §1692c(c), but rather disputing the debt in accordance with 15 U.S.C. §1692g(b).

Consequently, Plaintiff can never make a claim for violation of 15 U.S.C. §1692c(c) in relation to Defendant's subsequent October 22, 2014 letter, but, at the most, could possibly make a claim for communicating with Plaintiff without first verifying the debt in violation of 15 U.S.C. §1692g(b).[1] Therefore, the Complaint should be dismissed for failure to state a cause of action. *Graveling v. Sirote & Permute, P.C.*, 2014 WL 5293674 *4-5 (N.D. Ala. Oct. 15, 2014)(wherein the District Court granted summary judgment on a claimed violation of 15 U.S.C. §1692c(c) holding that the written demand by the consumer was a demand for debt verification pursuant to 15 U.S.C. §1692g(b) not a cessation of communication demand pursuant to 15 U.S.C. §1692c(c)); *see also Duby v. Shermeta, Adams & Von Allemn, P.C.*, 2012 WL 6705413 (E.D. Mich. Dec. 26, 2012).

---

[1] It should be noted that Plaintiff has neither pled any count for nor any violation of 15 U.S.C. §1692g(b). Moreover, while this is not part of the four corners of the Complaint, the reason for such failure to raise an issue over 15 U.S.C. §1692g(b) is in all likelihood the fact that Defendant did verify the debt with Plaintiff after receiving Plaintiff's Dispute Letter of September 12, 2014 and before Defendant's further communication of October 22, 2014.

36454096_1

### B.     Defendant's Communication is Within the Exceptions to 15 U.S.C. §1692c(c)

As highlighted above, 15 U.S.C. §1692c(c) is not an absolute prohibition on communication, but rather provides various exceptions wherein even if a consumer properly notifies a debt collector to cease communications, a debt collector under certain circumstances can nevertheless continue with communications. One of these exceptions is "to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor." In the instant case, even if Plaintiff's Dispute Letter constitutes effective notification pursuant to 15 U.S.C. §1692c(c), which it does not, Defendant's subsequent letter of October 22, 2014 fall within this exception to cessation of communication and is allowed. Defendant's October 22, 2014 letter reads in pertinent part as follows:

> ARS would like to assist you during these difficult times and we are willing to consider any payment arrangement that works for you, including settling the account for less than the balance owed.

In short, Defendant's October 22, 2014 is not an attempt to collect upon a debt, but rather is more akin to a type of settlement offer that debt collectors, including Defendant, normally invoke as a remedy and, therefore, falls under the exception to 15 U.S.C. §1692c(c)(2).

The leading case on this issue is the Sixth Circuit case of *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998). In *Lewis*, a consumer sent an unequivocal letter to the debt collector requesting that the debt collector cease communications in accordance with 15 U.S.C. §1692c. *Id.* at 395. Despite such a request, the debt collector thereafter sent a letter offering various payment plans and the consumer brought an action alleging a violation of 15 U.S.C. §1692c. *Id.* at 396-98. The court held that the letter was a permissible communication by the debt collector under 15 U.S.C. §1692c(c)(2) "because it is notice of specified potential remedies ordinarily invoked by ACB[,]" and the statute "allows the debt collector to notify the consumer

of remedies *it* normally invokes." *Id.* at 398-399. The Court pointed out that Congress enacted the FDCPA to eliminate unfair debt collection practices such as late night phone calls, false representations, and embarrassing communications. *Id.* The Court "believe[d] that Lewis's interpretation of §1692c.(c)(2), which would prohibit collectors from sending noncoercive settlement offers as a remedy, is 'plainly at variance with the policy of the legislation as a whole.'" *Id.* at 399. The court further explained:

> To hold that a debt collector cannot offer payment options as part of an effort to resolve an outstanding debt, possibly without litigation, would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt—something that is clearly at odds with the language and purpose of the FDCPA. Nothing ACB did in its June 3rd letter can be construed as an abusive collection practice. It simply offered to settle Lewis's debt without litigation. Allowing debt collectors to send such a letter is not only consistent with the Act but also may result in resolution of the debt without resorting to litigation, saving all parties involved the needless cost and delay of litigation as is exemplified by this very case.

*Id.* at 399.

Further, in *Garcia v. Gurstel Chargo, P.A.*, 2013 WL 4478919 *1 (D. AZ Aug. 21, 2013), the debt collector, after the consumer refused to pay, sent two letters, one offering to settle the debt for 50% of the balance and a second indicating it might be possible to settle for less than the outstanding balance and asked consumer to contact the debt collector. The consumer filed a complaint for, amongst other things, violation of 15 U.S.C. §1692c(c). The court held that the debt collector was entitled to a dismissal of the claim because the subsequent communications fell into the exception under 15 U.S.C. §1692c(c)(2) since the communications offered to compromise the dispute and resolve the matter amicably. *Id.* at *4-5.

Numerous other District Courts have found similar offers to settle constitute proper exceptions pursuant to 15 U.S.C. § 1692c(c) to the general rule on cessation of communication. *See Zand v. Mandarich Law Group, L.P.*, 2013 WL 4516093 *2-3 (C.D. Cal. Aug. 19, 2013);

36454096_1

*Duby*, 2012 WL 6705413 at *4-5. Moreover, both the Ninth and Third Circuits have generally cited favorably to the principal of law enunciated by the Sixth Circuit in the *Lewis* case. *See Campuzano-Burgos v. Midland Credit Manag., Inc.*, 550 F.3d 294, 299-300 (3d Cir. 2008); *Clark v. Cap. Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1169-70 (9th Cir. 2006); *see also South v. Midwestern Audit Serv., Inc.*, 2010 WL 5088765 *5 (E.D. Mich. Aug. 12, 2010). Consequently, Defendant's October 22, 2014 letter squarely falls within the exceptions to cessation of communication pursuant to 15 U.S.C. § 1692c(c) and, therefore, the Complaint should be dismissed for failure to state a cause of action

## IV.   CONCLUSION

For the reasons set forth above, the Complaint against Defendant must be dismissed.

s/ Kenneth M. Curtin
Kenneth M. Curtin, Esq.
Florida Bar Number 087319
Kenneth.Curtin@arlaw.com
ADAMS AND REESE LLP
101 E. Kennedy Blvd., Suite 4000
Tampa, Florida 33602
Direct: (813) 227-5521
E-Fax: (813) 227-5621
***Attorneys for ARS***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

s/ Kenneth M. Curtin
Kenneth M. Curtin, Esq.